NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN JAMES *et al.*,<br><br>Defendants. | Cr. No. 19-79<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

# INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss Indictment with Prejudice for Failure to Comply with Speedy Trial Act (Mot. to Dismiss, ECF No. 235) filed by Defendant Malachi Benjamin ("Benjamin"). The Court has decided the Motion based on the written submissions of the parties and oral argument conducted by conference call on October 15, 2021. For the reasons stated herein, the Motion is denied.

# BACKGROUND

On December 18, 2019, a grand jury sitting in the District of the Virgin Islands, Division of St. Thomas and St. John, returned a twenty-count indictment against Ivan James, Kai James, Joh Williams, Malachi Benjamin, and Tillisa Ceaser. (Indictment, ECF No. 1.) On January 30, 2020, the Government filed a superseding indictment, adding defendants Jahkiebo Joseph and Ariel Peterson.[2] Peterson was the last to be arraigned on March 9, 2020. (ECF No. 119.)

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] The Government has stated that it intends to supersede the indictment again. However, the Government has not been able to convene a grand jury quorum. (*See* ECF No. 225.)

1

On March 17, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge found it necessary to "take reasonable and prudent actions" in order to "further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *In re District Court Operations During the COVID-19 Outbreak*, Misc. No. 2020-0001, ECF No. 2, at 1–2 (D.V.I. March 17, 2020). The Chief Judge's order stated in relevant part:

> 3. With regard to criminal matters, the time period of March 18, 2020 through April 16, 2020 shall be "excluded time" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking such action materially outweigh the best interests of the public and any defendant in a speedy trial. . . . Such exclusion of time is also necessary in cases that are set for trial outside of the March 18, 2020 through April 16, 2020 time period, as well as cases that are not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients; the difficulties that the parties are likely to face in undertaking all of the tasks necessary to fully prepare for trial; and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order extend the period of exclusion as circumstances warrant, and the assigned judicial officer may by Order also do so as to any specific proceeding.

(*Id.* at 2.) As indicated in the chart below, the Chief Judge has repeatedly issued General Orders ("Orders") finding that the "ends of justice" are served by extending the time during which a trial must commence:

| Order | Dates Effective | Docket Number |
|---|---|---|
| *Fourth Order* | April 17, 2020, through May 12, 2020. | (Case No. 1:20-mc-01, ECF No. 5.) |
| *Sixth Order* | May 13, 2020, through June 15, 2020. | (*Id.*, ECF No. 7.) |
| *Seventh Order* | June 16, 2020, through July 15, 2020. | (*Id.*, ECF No. 9.) |
| *Ninth Order* | July 16, 2020, through August 31, 2020. | (*Id.*, ECF No. 11.) |
| *Tenth Order* | September 1, 2020 through September 30, 2020. | (*Id.*, ECF No. 12.) |
| *Eleventh Order* | October 1, 2020 through October 31, 2020. | (*Id.*, ECF No. 13.) |
| *Thirteenth Order* | November 1, 2020, through November 30, 2020. | (*Id.*, ECF No. 15.) |
| *Fourteenth Order* | December 1, 2020, through January 15, 2021. | (*Id.*, ECF No. 16.) |
| *Seventeenth Order* | January 16, 2021, through February 16, 2021. | (*Id.*, ECF No. 19.) |
| *Eighteenth Order* | February 17, 2021, through March 31, 2021. | (*Id.*, ECF No. 20.) |

| | | |
|---|---|---|
| *Nineteenth Order* | April 1, 2021, through April 30, 2021. | (*Id.*, ECF No. 21.) |
| *Twenty-First Order* | May 1, 2021, through May 31, 2021. | (*Id.*, ECF No. 23.) |
| *Twenty-Second Order* | June 1, 2021, through June 30, 2021. | (*Id.*, ECF No. 24.) |
| *Twenty-Third Order* | July 1, 2021, through July 31, 2021. | (*Id.*, ECF No. 25.) |
| *Twenty-Fifth Order* | August 1, 2021, through August 31, 2021. | (*Id.*, ECF No. 27.) |
| *Twenty-Sixth Order* | September 1, 2021, through September 30, 2021 | (*Id.*, ECF No. 28.) |
| *Twenty-Seventh Order* | October, 1, 2021, through October 31, 2021 | (*Id.*, ECF No. 29.) |

Defendant Benjamin is currently in pretrial detention at Metropolitan Detention Center, Guaynabo in Guaynabo, Puerto Rico. (Mot. for Recons. ¶ 6, ECF No. 167.) Defendant Benjamin's Motion for Reconsideration of Pretrial Release was denied, without prejudice, on August 11, 2021. (Order Denying Pretrial Release at 1, ECF No. 233). He now requests that the Court dismiss the indictment with prejudice due to a failure to comply with the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). At the hearing on October 15, 2020, the Court allowed Defendants Ivan James, Kai James, Williams, Ceaser, Joseph, and Peterson to join Defendant Benjamin's motion.

## **LEGAL STANDARD**

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If trial does not occur within the seventy-day limit, the Speedy Trial Act requires the charges in the charging instrument be dismissed. 18 U.S.C. § 3162(a)(2). Dismissal may be with or without prejudice. *Id*. The defendant bears the burden of proving a violation. 18 U.S.C. § 3161(a)(2).

Under the Speedy Trial Act, certain periods of delay "shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Relevant here, § 3161(h)(7)(A) describes when the "ends of justice" warrant exclusion of time:

> Any period of delay resulting from a continuance granted by any judge on his own motion…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of

>  the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id*.

## DISCUSSION

**I.   Speedy Trial Act**

Defendant Benjamin argues that "at least seventy-five" non-excluded days have transpired. (Mot. to Dismiss ¶ 6, ECF 235). Therefore, he contends, the "court has no option but to dismiss the case" for failure to commence a trial within the seventy-day limit imposed by the Speedy Trial Act. (*Id.*)

Defendant Benjamin and his co-defendants have failed to satisfy their burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3161(a)(2). There is no Speedy Trial Act violation because fewer than seventy non-excludable days have elapsed. The seventy-day "speedy trial clock" began to elapse on March 10, 2020. When Defendants are joined for trial, all defendants "generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986). Here, the "latest" codefendant was Defendant Peterson, who was indicted on January 30, 2020 and arraigned on March 9, 2020. Thus, the first non-excludable day was March 10, 2020. *See* 18 U.S.C. § 3161(c)(1); *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981) (noting that when indictment is the first step in a criminal case, post indictment arraignment is the "last occurring" date). Eight days elapsed between Defendant Peterson's arraignment on March 9, 2020 and the Chief Judge's initial Order on March 17, 2020. (Case No. 1:20-mc-01, ECF No. 2.)

As noted above, the Chief Judge's Orders have repeatedly found that the "ends of justice" warrant exclusion of time under the Speedy Trial Act from March 18, 2020 through to the present. *See United States v. Walter*, 2021 WL 3409187, at *3 n.3 (D.V.I. Aug. 4, 2021). In addition, this Court noted its own "ends of justice" finding based on the COVID-19 pandemic and excluded time pursuant to the Speedy Trial Act from April 7, 2020, through August 17, 2020 (Sched. Order, ECF No. 136). This Court then made a second "ends of justice" finding on June 11, 2020, excluding subsequent time due to the complex nature of the case and consideration of the factors listed under 18 U.S.C. § 3161(h)(7)(B)(ii). (Order Granting Complex Case Designation, ECF No. 163.)

Defendant Benjamin argues that the Orders did not satisfy 18 U.S.C. § 3161(h)(7). Defendant contends that "[i]n all its [twenty] plus orders, never once has the court considered the defendant's rights to speedy trial nor how the interest of the defendant in a speedy trial is outweighed by the delay." (Reply to Government's Opp'n ¶ 8, ECF No. 243). The record, however, shows otherwise. Each of the Chief Judge's Orders "specifically finds" that the pandemic limitations on jury selection necessitate delay and exclusion of time under the Speedy Trial Act. *See*, *e.g., In re District Court Operations During the COVID-19 Outbreak*, Misc. No. 2020-0001, ECF No. 2, at 1–2 (D.V.I. March 17, 2020). As a result, each Order found that "the ends of justice served by [excluding time] materially outweigh the best interest of the public and any defendant in a speedy trial and speedy indictment." *Id*. Likewise, this Court cited the complexity of the case and the § 3161(h)(7)(B)(ii) factors when making its finding that delay served the ends of justice. (Order Granting Complex Case Designation at 2.)

Defendant does not cite any cases in which a court has found that pandemic-related orders do not justify an "ends of justice" delay. To the contrary, courts nationwide have

5

overwhelmingly upheld pandemic-related standing orders, which continue criminal jury trials to promote and ensure public health. *See e.g. United States v. Wimbush*, 2021 WL 1811668, at *6 n.3 (D.N.J. May 6, 2021) (collecting cases)

Therefore, due to the circumstances of the COVID-19 pandemic, the case's complexity, and the inability to schedule a multi-defendant trial safely, the clock has been tolled since the Chief Judge's March 18, 2020 order that delay serves the "ends of justice." 18 U.S.C. § 3161(h). Since fewer than seventy non-excludable days elapsed prior to that order, there is no violation of the Speedy Trial Act. Defendant has not satisfied his burden to show otherwise.

## II.  Constitutional Claims

Defendant Benjamin argues that the Orders do not toll the speedy trial clock, because those orders violate the separation of powers, his Fifth Amendment right to due process of law, and his Sixth Amendment right to a speedy trial. (Mot. to Dismiss ¶ 8–21.)

Defendant Benjamin's argument that the Orders violate the separation of powers is unpersuasive. Defendant Benjamin argues that "[i]t is axiomatic that the District Court has inherent authority to administer justice," but that the Orders rely in part on "the Cares Act. H.R. 748. . ." (*Id.* ¶ 8.) According to Defendant Benjamin, "the Court is not granted any legislative powers over the Speedy Trial Act deferments through the Cares Act or any other." (*Id.* ¶ 12.) Therefore, he claims that "to defer Speedy Trial -*sue sponte*- is and would be a Legislative Act by the Honorable Court, one invading the most traditional and sacred saint separation of powers, rooted in our Constitution." (*Id.*)

This separation of powers argument is not valid for three reasons. First, the Speedy Trial Act itself allows the Court to exclude time from the Speedy Trial Act's mandates to serve the "ends of justice." 18 U.S.C. § 3161(h)(7)(A). Therefore, no expanded power beyond the Speedy

Trial Act is necessary to justify the Orders. Second, the Orders do not even purport to invoke the authority of the CARES Act. This Court found no citations to the CARES Act in any of the general orders relevant to this case. In fact, the Chief Judge issued the first Order prior to the enactment of the CARES Act. *See* 15 U.S.C. § 9001 *et seq*. And third, while Defendant Benjamin argues that the Orders violate the "nondelegation doctrine," (Mot. to Dismiss ¶ 13), there is no such violation. The non-delegation doctrine applies only to cases where Congress delegates a strictly legislative power to another branch. *U.S. v. Bruce*, 950 F.3d 173, 175 (3d Cir. 2020). As Defendant Benjamin notes in his brief, the power to administer justice is judicial. (Mot. to Dismiss ¶ 8.) Therefore, there is no non-delegation issue here because the Court's efforts to protect litigants, staff, and the public from COVID-19 stem from judicial, not legislative power. *See Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (holding that the non-delegation doctrine prevents Congress from transferring to another branch powers which are exclusively legislative).

Finally, the Defendants' claims citing to the Fifth and Sixth Amendments are undeveloped. Defendant Benjamin cites *United States v. MacDonald*, 467 U.S. 1, 7–8 (1982), and states that the "Fifth Amendment- due process clause -also protects a defendant's right not to be prejudiced in his or her defense because of a prosecutorial delay." (Motion to Dismiss ¶ 15.) But neither Benjamin nor his co-defendants explain how the delay has caused prejudice. Similarly, Benjamin cites *Barker v. Wingo*, 407 U.S. 514 (1972), (Motion to Dismiss ¶ 13), but provides no analysis, in this motion, regarding the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530. Therefore, the Court will not find a constitutional violation at this time. *Cf. Walter*, 2021 WL 3409187, at *4 n.5 (declining to consider arguments based only on citation to *Barker*).

The Court is mindful that the delays in this case have been unfortunate. To be sure, the decision to continue jury trials and exclude time under the Speedy Trial Act is not one that has been made lightly. *United States v. Chu*, No. 19-0678, 2021 WL 879905, at *5 (D.N.J. Mar. 9, 2021). The defendants, however, have not met their burden of demonstrating that the delays due to the Orders violate the Speedy Trial Act.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Indictment with Prejudice for Failure to Comply with Speedy Trial Act (Mot. to Dismiss, ECF No. 235), filed by Defendant Benjamin, is denied. An appropriate Order will follow.

Date: October 22, 2021                                                               */s/ Anne E. Thompson*
                                                                                                         ANNE E. THOMPSON, U.S.D.J.